Nicholson, C. J.,
delivered the opinion of the Court.
This is an action of trespass quare clausum fregit. The trespass alleged was, in entering upon the premises of defendant in error, and plundering his house of clothing, jewelry and other articles, and taking away a mule. The plea was, not guilty.
The proof shows that in the fall of 1863, a squad of. Federal soldiers, belonging to the command of Col. Black *579 burn, were out on a scout, in search of Confederate soldiers; that plaintiff in error was along as a guide, though he did not belong to the army. The squad of soldiers stopped at the house of defendant in error and plundered it, as alleged in the declaration, abusing him, and threatening to hang him to an apple tree. Plaintiff in error was along, but did nothing, except to help catch and carry off a mule, to get a suit of gray clothes, and a lot of finger rings and ear-bobs.
Under a charge by Judge Brien, which is not objectionable, the jury found a verdict for the defendant in error for $85.
A motion for a new trial was made, based' upon an affidavit by plaintiff in error and three others, two of whom were jurors. These jurors swear that their verdict was based upon the taking and carrying away of the mule. One of the other affidavits stated that the mule had been returned to defefidant in error, and plaintiff in error swore that he did not know, at the time of the trial, that the mule had been returned to plaintiff in error. He believes if he had known this fact, in time to make the proof,' the result would have been different.
The Circuit Judge overruled the motion for a new trial. There was no error in this. It is time that Circuit Judges had ceased to allow the affidavits of jurors, as to the grounds of their verdicts, to be read on motions for new trials, unless in extraordinary cases.
Outside of the mule, the value of which was not proven; the trespass proved would have justified a much larger verdict.
There is no error in the judgment, and it is affirmed.